BELZER v. DAUB STORAGE WAREHOUSE & VAN CO.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. WAREHOUSEMEN (§ 24*)—RECEIPT—LIMIT OF LIABILITY.

A receipt given by a warehouseman for goods stored some four or five weeks after delivery of the goods, containing a clause limiting defendant's liability to $50 for each piece or package stored, unless the value was made known at the time of storage, did not constitute a contract limiting the warehouseman's liability as of the date of the delivery of the goods.

[Ed. Note.—For other cases, see Warehousemen, Dec. Dig. § 24.*]

2. TRIAL (§ 237*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction, in a civil case, that if there was a reasonable doubt in the minds of the jury whom to believe they should find for defendant, was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 542, 548–551; Dec. Dig. § 237.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Robert G. Belzer against the Daub Storage Warehouse & Van Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Samuel Frank, for appellant.

Leopold W. Harburger, for respondent.

GUY, J.   Plaintiff appeals from a judgment entered upon the verdict of a jury in favor of the defendant. The action was brought to recover the value of certain household furniture delivered to defendant as a common carrier and warehouseman. The defendant admits the receipt of most of the goods in question, and the evidence

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

clearly establishes a failure to return all the goods delivered to defendant.

[1] No receipt was given to plaintiff for the goods at the time of their delivery, but some four or five weeks after the delivery of the goods to the defendant a receipt was sent to plaintiff which contained a clause limiting defendant's liability to $50 for each piece or package unless the value thereof is made known at the time of storage. The contention of the defendant that this constituted a contract between plaintiff and defendant as of the time of the delivery of the goods is not tenable, and the court erred in charging the jury to that effect. See Guillaume v. General Transportation Co., 100 N. Y. 491, 3 N. E. 489.

[2] The court further erred in charging the jury:

"If there is a reasonable doubt in the mind of the jury whom to believe, they will find a judgment for the defendant."

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.